FRUGÉ, Judge.
The plaintiffs-appellees, Mr. and Mrs. Gottleib R. Dietz, brought this action seeking a mandatory injunction to order the Superior Oil Company to remove certain structures and equipment from a tract of land which Superior Oil Company had been leasing. The injunction was sought for the purpose of having the lessee restore the leased tract to its original condition as nearly as was reasonably and practically possible. In the alternative, the plaintiffs-appellees asked for damages in *199 such amount as would cover the costs of restoring the leased premises. By an amended and supplemental petition, the plaintiffs further sought rental in the amount of $300 per month from the defendant for the continuing use of the premises without authority or permission since the termination of the lease.
Following a trial on the merits, the District Court held that the plaintiffs were entitled to the relief sought. The trial court issued judgment in favor of the plaintiffs, and against the defendant, ordering that a mandatory writ of injunction issue, and directing that the defendant remove all the improvements placed upon the property and that the defendant level the property. From this judgment, the defendant has perfected the instant appeal. We affirm.
The plaintiffs-appellees, Mr. and Mrs. Gottleib R. Dietz, are owners of a 9.674-acre tract of land. This tract was acquired in December, 1963, by a partition agreement dividing up a larger tract of which this was a part.
Dietz’s ancestor in title had executed a surface lease in favor of the Superior Oil Company in 1946. This lease was renewed in 1957. In April of 1967, the lease expired by its own terms.
During the period when the surface lease was in effect, Superior Oil Company constructed various improvements upon the property, including buildings, wash racks, warehouses, concrete foundations, and concrete pipe racks. This they clearly had a right to do under the terms of the lease agreement. The lease agreement also provided that the lessor specifically waived her right to purchase and retain the improvements and additions made by the lessee, including those made with lime and cement. Since the expiration of the lease by its own terms in 1967, the Superior Oil Company has failed to remove any structures or other equipment which the lessee elected to place on the leased tract.
After numerous requests to Superior to remove the improvements placed on the property were refused, this action was brought seeking a mandatory injunction ordering the removal of all improvements and the leveling of the land. In addition, the petition asked for rent in the amount of $300 per month from the time of the expiration of the lease until the improvements are removed. Alternatively, the plaintiff sought damages in the amount sufficient to reimburse the lessee for the cost of removal of the embedded concrete and other structures from the leased premises.
The defendant-appellant, in urging the reversal of the trial court’s decision in the instant case, argues that the lessor is under no duty to remove the structures and improvements placed on the leased premises.
Articles 2719 and 2720 of the Revised Civil Code of 1870 make it clear that it is the duty of the lessee to deliver the leased premises back to the lessor at the end of the term, in the same state in which it was when the lessee took possession of it. Unless the contract between the parties provides otherwise, it is the duty of the lessee to deliver back the premises in the same condition in which they were received.
The contract of lease between the parties provided that the lessee would have the exclusive use of the land and the right to erect, maintain, and repair on the property, and remove therefrom all types of improvements, including machine shops, buildings, sheds, pipelines, equipment, and other improvements. The lease further provided that the lessor waived any legal right that the lessor might have to retain improvements and additions made by the lessee, even those made with lime and cement.
The trial court held, in interpretation of this contract, that since the lessor specifi *200 cally waived his right to purchase and retain the improvements and additions made by the lessee, it followed that the lessor has the right to compel the lessee to remove the improvements and additions which he placed on the leased property. If the parties had intended that the lessee should be allowed to leave or abandon any improvements or additions at the time the term or extended term of the lease terminated, this could have been specifically provided in the contract.
The trial judge, in his written reasons for judgment, stated:
“Under the Louisiana Civil Code the lessee must return the thing leased in the same state in which it was when taken possession of by him, except, of course, for ordinary wear and tear and unavoidable accidents. The lessee has the right to remove the improvements that he has made to the thing let provided he leaves it in the state in which he received it, but if these additions be made with lime and cement, the lessor may retain them upon paying a fair price. The tenant had the right at the expiration of the lease to remove all his improvements and additions unless the lessor chooses to retain such as may be made with lime and cement and pay the tenant the value thereof.”
We think this is a proper statement of the applicable law. The contract of lease between the parties does not relieve the lessee of his obligation to return the leased premises in the state in which he received them. Rather, the lease specifically denies the lessor his right to elect to keep the improvements made with lime and cement.
We are of the opinion that it was the intent of the parties, as reflected in the contract made between them, that the lessee would remove all improvements and restore the leased premises at the end of the lease term. For this reason, we find no error in the trial court’s ruling which ordered and directed the defendant to remove all improvements placed upon the property and to level the property.
The plaintiffs-appellees have asked that this court set a rental fee and declare such a fee due and owing to the lessor, from the date upon which the lease terminated until such time as the improvements have been removed. No evidence was introduced into the record indicating what rent might be due to the lessor for continued use of this tract. Additionally, plaintiffs-appellees failed to show how or in what manner the lessee is continuing to use the property so as to be liable for such rental fees. We think that plaintiffs-ap-pellees are not entitled to that relief, as they have failed to show or prove this item as an element of damages.
For the above and foregoing reasons, the judgment of the District Court, ordering and directing the defendant to remove all the improvements placed upon the subject property and to level this property, is affirmed. All costs are to be paid by the defendant-appellant.
Affirmed.