WATKINS, Judge.
This is an action to recover the expenses incurred by Devall Town Corporation, lessor, in the removal of alterations, debris, and litter left on premises leased to Zachary Branzaru when the building was vacated by lessee, Branzaru. The trial court rendered judgment for plaintiff. We affirm.
Branzaru leased the premises in question, a structure at 136 Main Street, Baton Rouge, from the predecessor in title of De-vall Town Corporation in 1958 for operation of a restaurant. When the written lease expired the lease was extended on a month to month basis by reconduction. Although there is some testimony by Branzaru that the lease was cancelled in 1963 or 1964 and a lease to a different lessee entered into, we view this testimony as an afterthought and unworthy of belief, in view of the fact Branzaru in the pretrial order states, “Defendant (Branzaru) alleged that he leased from plaintiff the subject premises for many years up until 1964 and that thereafter occupied the premises on a month to month basis.”
Defendant abandoned the premises in 1979. Plaintiff corporation was forced to remove a kitchen which had been constructed in an alley outside the original walls and also to remove a facade that defendant had added. The lease provided that “The lessee shall not make any alterations, repairs, changes, or improvements in said premises which require structural changes or alterations in said building without first having secured the written consent of Lessor.” Alterations were made by the lessee involving changing the facade and adding a kitchen in an alley, as we have indicated. The lessor’s consent was never secured, either verbally or in writing. However, it appears that the lessor corporation’s officers may have known that the lessee was making these alterations to the leased premises.
In Faber v. Gay Times, Inc., 267 So.2d 252 (La.App. 4th Cir. 1972) and Ford v. Independent Bakers Supply, Inc., 385 So.2d 580 (La.App. 4th Cir. 1980), it was held that the lessor’s obtaining knowledge of the making of alterations and failing to object to the making of these alterations vitiated the requirement of the lease instrument that the lessor give written consent to alterations, and that therefore the lessor was barred or estopped under those circumstances from obtaining judicial cancellation of the lease. These cases do not alter the principle founded upon Codal provisions that the lessee must restore the leased premises to the condition in which he found them upon termination of the lease. See LSA — C.C. arts. 2719, 2720, which state that the lessee shall restore the leased premises to the *1187 state in which he found them, with certain exceptions not here pertinent.
In Dietz v. Superior Oil Company, 252 So.2d 198 (La.App. 3d Cir. 1971), writ denied 259 La. 945, 253 So.2d 383 (La.1971), it was held that the effect of these Codal articles may be altered by the parties only by provision in the lease contract to the contrary. In the present case, the lease agreement contained no language that would either dispense with or limit the duty imposed upon the lessee by the cited Codal articles (C.C. arts. 2719, 2720) to restore the premises to their original condition. Hence, lessee was under a duty to restore the building to its original state when he vacated the premises.
The trial court awarded plaintiff the sum of $6,067.00 for costs of labor and rental of a truck, and other related items paid to remove the alterations to the premises and to remove litter and debris left by the defendant lessee. These items were fully justified. As we have seen, defendant was under a duty to restore the premises to their original condition. He failed to do so. Hence, defendant must pay the expenses incurred by the lessor in restoring the premises to the state in which they existed when the lease instrument was executed.
Defendant also contends that the trial court incorrectly refused to admit in evidence certain building permits, which were then offered by proffer. The trial court refused to admit these documents or exhibits because the pretrial order indicated defendant would introduce no exhibits. However, even if we assume, as defendant contends, that these exhibits were offered for purposes of impeachment, and hence under the rules of the Nineteenth Judicial District Court should not have been excluded, still we find that these exhibits have no effect upon the result we are reaching. Some of the permits, it is true, do name the lessor or its predecessor in title as owner of the premises, but the proffered exhibits do not show that the lessor participated, either actively or passively, in applying for the permits. Hence, even if the proffered exhibits were admissible, they are of no significance.
We, therefore, affirm the judgment of the trial court at appellant’s cost.
AFFIRMED.