SAVOY, Judge.
This is an eviction proceeding instituted by plaintiff, as lessor, against defendant, as one of its co-lessees. After a trial on the merits, the district court rendered judgment in favor of defendant, maintaining the validity of the transfer of the husband’s interest in the lease to his wife, defendant herein. From this judgment plaintiff has appealed.
Plaintiff corporation is the owner of a motel located in the City of Alexandria, Louisiana. In connection with said motel is a coffee shop, restaurant and bar located on said premises.
On May 1, 1964, plaintiff leased to Mr. and Mrs. Ralph Davidson the coffee shop, restaurant and bar which is located in the motel. The lease was based on a percentage of the daily receipts of said business. The lease contained a provision that it could not be sub-let without the lessor’s permission. ■ The provision reads as follows:
“Lessee is not permitted to rent or sublet or grant use or possession of the premises to any other party without the written consent of the Lessor, and then only in accordance with the terms of this lease. Should Lessee desire to sub-let, permission must be obtained in writing through Lessor or Agent and such sublease shall be handled by Lessor’s Agent at expense of the herein Lessee.
“No auction sales, or any sales of furniture, fixtures, etc., shall be conducted on the premises without the written consent of the Lessor or Agent”
On May 25, 1964, plaintiff, by resolution of the Board of Directors, authorized Mr. and Mrs. Davidson to sell and assign said lease to Mr. and Mrs. Sam Reed. Mrs. Reed is defendant in the instant case. After the assignment of the lease by the David-sons to the Reeds, the latter parties obtained a judicial separation on November 30, 1965. This' was followed by a liquidation *654 and settlement of the community property between the parties dated December 9, 1965. In the instrument of December 9, 1965, Mr. Reed sold to the defendant wife all of his rights, title and interest in and to the business, supplies and equipment in the restaurant and bar.
Counsel for plaintiff takes the position that defendant’s husband could not sublease the lease in question to defendant without obtaining plaintiff corporation’s written consent. He states that lessor did not contract with two separate individuals or with members of a partnership, but that all of the benefits and obligations falling to the lessee under the terms of the lease belonged to the community existing between defendant and her husband. The fact that defendant’s name was mentioned as a lessee did not confer upon her any greater right than she had as a wife in community; that the only effect of her signing the contract of lease together with her husband was to perhaps obligate her husband’s estate, and nothing else.
Counsel for defendant contends that since in the original lease between plaintiff and the Davidsons, lessees obligated themselves in solido (the lease provides “the obligation of all lessees being in solido”), and since defendant and her husband assumed all the rights and obligations under said lease, the community settlement between defendant and her husband was a permissible agreement between two solidary obli-gors. Counsel cites LSA-Civil Code Article 2091 in support of his position. This article reads as follows:
“There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.”
He states that under the provisions of LSA-C.C. Article 2091 plaintiff has no right to complain that the obligations of the lease are being fulfilled by only one of the solidary obligors.
While it is true that the community which existed between defendant and her husband was responsible in fulfilling the terms of the lease in question, still defendant was also bound personally since she signed an in solido obligation.
Prior to the separation judgment between defendant and her husband, defendant was entitled to all of the benefits of' the lease and was responsible for all of the obligations and liabilities thereunder. The fact that defendant and her husband had a community settlement of their property, and that she acquired the entire lease, did not amount to a sub-lease since under the terms of the lease the lessor could look to her alone for the fulfillment of the-terms and conditions set forth therein.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.