305 So.2d 748 (1974)
Felicia H. Bonura, w/o Bruce M. BLANCHARD, and Sylvia Anne Bonura, w/o Frank J. De Luna
v.
SHRIMP BOATS OF LOUISIANA, INC., formerly Drive-Inns, Inc.
No. 6539.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
*749 Daniel C. Wiemann, and James F. Mulla, Jr., Bernard Marcus and Harry S. Anderson, Deutsch, Kerrigan & Stiles, New Orleans, for plaintiffs-appellants.
Malvern F. Driscoll, Driscoll & Ramos, New Orleans, for defendant-appellee.
Before GULOTTA, BOUTALL and BEER, JJ.
BOUTALL, Judge.
This case involves the interpretation of a lease contract between Felix Bonura and Shrimp Boats of Louisiana, Inc., formerly Drive-Inns, Inc. This lease was for a term of 15 years with an option to renew the lease for 5 additional years. The lease also contained a clause prohibiting the lessee, Shrimp Boats, from sub-leasing without the express written consent of the lessor. The facts are stipulated. During the primary term of the lease Shrimp Boats sublet or assigned the lease to several other persons without the consent of Bonura. Bonura knew the sub-lessees but never objected to their presence and in fact accepted rent directly from them. The present sub-lessee is in possession for more than five years under these conditions. The 15 year period ended on December 1, 1973, and the original lessee timely exercised his option to renew. Bonura rejected this exercise of the option and instituted eviction proceedings.
It is clear that the right of the lessor to reject any sub-leases by his lessee can be waived. This waiver can be written, oral or implied from actions by the lessor. Moore v. Bannister, La.App., 269 So.2d 291. Bonura knew of the presence of the present sub-lessee and accepted rent from him for more than five years. His failure to exercise his right of refusal under the lease constituted a waiver of that right.
The lessor contends that regardless of whether such waiver may have occurred for any or all of the original term of the lease, there has been no such waiver in respect to the option period. The lease states:

"SECOND
"The primary term of this lease shall be for fifteen (15) years, commencing December 1, 1958, subject to LESSEE'S right of option to renew this lease for an additional five years, upon terms described in article THIRD, provided that LESSEE shall give notice in writing of its intention to exercise said option to LESSOR not less than ninety days prior to December 1, 1973. (Upon the giving of such notice LESSOR shall become bound for the full additional five year term.)"
Article third recites rent terms and related rights and its pertinence is only to provide an increase in the monthly rental on renewal.
As we interpret the Second article the timely notice by lessee is sufficient of itself to create a binding contract of renewal between lessor and lessee, and the lessor has no authority to withhold consent to the renewal, nor is his consent required. The lessor is not granted any additional rights at the time of renewal, but the conditions of the lease are simply extended into the new term. Having already waived his right to reject the sub-lessee, he cannot now attempt to assert the right previously waived. His waiver during the original term of the lease continues into the renewal term as one of the conditions in the lease. By the terms of this lease, the lessor is bound for the additional five year term by virtue of the timely renewal notice.
The judgment appealed from is affirmed at appellant's cost.
Affirmed.