420 So.2d 700 (1982)
Vincent GIAISE
v.
Joseph A. CUCCIA and Prosper Paul Breaux, Jr.
No. 13105.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
George O'Dowd, O'Dowd & O'Dowd, New Orleans, for plaintiff-appellant.
Charles E. Hamilton, III, New Orleans, for defendants-appellees.
*701 Before REDMANN, C.J., and AUGUSTINE and LOBRANO, JJ.
REDMANN, Chief Judge.
Vincent Giaise leased supermarket premises to Joseph A. Cuccia and Prosper Paul Breaux, Jr. by lease providing they could not "rent or sub-let or grant use or possession of the premises to any other party" without the lessor's written permission.
On this appeal by Giaise from dismissal on the merits of his suit to terminate the lease, he argues that this proviso was breached by the two individual lessees' having incorporated their supermarket business two weeks after the lease; or by Cuccia's one year thereafter relinquishing all his interests to Breaux; or by the corporation's thereafter merging with another supermarket corporation wholly owned by Breaux. We disagree.
We reason, as did Swanson v. Mackie & Weiss, 6 Orleans App. 104 (La.App. 1909), in the circumstances of a partner's succeeding to a partnership's lease, that no "other party" has obtained a sublease or the use or occupancy of the premises within the meaning of those words in the lease. See also Midland Motels Inc. v. Reed, 192 So.2d 653 (La.App. 3 Cir. 1966), holding a similar proviso not breached by the transfer by one of two spouses, lessees in solido like ours, to the other.
Other courts have held non-violative of similar provisos a variety of actions, such as the transfer by an individual lessee to his wholly-owned corporation, deemed merely a change in the legal form of the same business, Sexton v. Nelson, 228 Cal.App.2d 248, 39 Cal.Rptr. 407 (1964); the change in business form of the lessee from partnership to corporation, Liberty Nat. Bank of C. v. Pollack, 337 Ill.App. 385, 85 N.E.2d 855 (1949), or vice versa, Chesnut v. Master Laboratories, 148 Neb. 378, 27 N.W.2d 541 (1947); the merger of a corporate lessee with another with name change, Dodier Realty & Inv. Co. v. St. Louis Nat. Baseball C., 361 Mo. 981, 238 S.W.2d 321 (1951), or into its parent corporation, Segal v. Greater Val. Terminal Corp., 83 N.J.Super. 120, 199 A.2d 48 (1964).
We conclude that none of the actions by our lessees amounted to installing some "other party" in the leased premises, by sublease or otherwise. Accepting the corporation law fiction that a corporation is a different legal person from its shareholder(s), and that the corporate person here enjoyed use of the premises, we still cannot deem the corporation an "other party" within the lease proviso against subletting. A corporation can only occupy premises through its human agents, and the human agents in 100% control of the corporations that fictitiously occupied plaintiff's premises were at no time anyone other than one or both of the two original lessees. One who leases to a human lessee is unaffected by that lessee's conducting his business in corporate form, and the lessee's doing so does not violate the lease's prohibition against subletting to or occupancy by any "other party."
The trial court's refusal to terminate the lease on this ground is therefore affirmed, without considering the further questions of waiver, see Blanchard v. Shrimp Boats of La., Inc., 305 So.2d 748 (La.App. 4 Cir. 1974), by plaintiff's knowledge of the corporate form of the business over several years.
The lessor also sought termination because of the lessee's replacing with a trash compactor the lessor's incinerator (used to dispose of the packagings of goods delivered to the supermarket). The incinerator was deemed sufficiently significant to refer to it twice in the lease, once to say that it and air conditioning and heating system and sign were included in the lease, and once to say that all leased property ("including the building, air conditioning and heating system, incinerator and sign") was to be returned at the lease's end "in the same condition as received less usual and normal wear and tear and use." The lease also obliged lessee "not to make any additions or alterations whatever to the premises without written permission." Our view of the evidence, including a condemnation *702 certificate by a government inspector, is that it fairly proves that the incinerator had had substantial wear and presented some fire hazard, reasonably justifying its replacement. Whether this was normal wear and suffices to excuse the lessee from the obligation of return at the lease's end, or whether replacement of the incinerator will be due to the lessor at the lease's end, are questions that must await that time. All we need decide is whether plaintiff proved that the removal of an apparently worn incinerator constituted an "alteration" to the premises. We hold it is not, no more than replacing worn air conditioning or heating system would be. We thus agree with the trial judge on this ground as well (again pretermitting the waiver question; see Devall Town Corp. v. Branzaru, 405 So.2d 1185 (La.App. 1 Cir. 1981)).
Defendant's answer to the appeal seeks costs, especially for an expert. The judgment in fact did cast plaintiff for costs. Whether and how much expert fees are includible must be decided by rule to fix costs.
Affirmed.