722 P.2d 331

James L. FREY, M.D.; Grant A. Hertel, M.D.; Bernard E. Levine, M.D.; David R. Long, M.D.; John F. Murphy, M.D.; Philip J. Rubin, M.D.; George L. Sibley, M.D.; S. Sridhar, M.D.; Peter R.S. Thomas, M.D.; and Gregory B. Wingate, M.D., Plaintiffs-Appellants,

v.

Martin L. STONEMAN and Jane Doe Stoneman, his wife, Defendants-Appellees.

No. 1 CA-CIV 7094.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 22, 1985.

**164**

Teilborg, Sanders, Haga & Parks by Richard A. Kent and Frank A. Parks, Phoenix, for plaintiffs-appellants.

Monbleau, Vermeire & Turley by Albert R. Vermeire and Christopher J. Bork, Phoenix, for defendants-appellees.

OGG, Judge.

The issue presented in this appeal is whether the trial court erred in granting appellees' motion to dismiss the malicious prosecution action initiated by appellants Frey and others (hereinafter Frey). The trial court concluded that the voluntary dismissal of the underlying litigation did not constitute a consideration of the merits and therefore was not a termination in favor of Frey. We affirmthe judgment of the superior court.

## FACTS

The underlying facts of this malicious prosecution action pertain to a medical malpractice claim. Appellee Martin L. Stoneman (Stoneman) filed a medical malpractice lawsuit on behalf of his clients, Joan Sachs and her children, in the superior court of Maricopa County. The complaint related to the death of Joan Sachs' husband, Donald. Several of the physicians named as co-defendants in that litigation are appellants in the present appeal.

Frey, through his attorney Frank A. Parks, subsequently filed a motion for summary judgment in the medical malpractice case. Nevertheless, an associate of Parks, Stephen Paul Forrest, wrote a letter to Stoneman a few days later encouraging Stoneman to voluntarily dismiss the claims against any physicians who were not directly involved with Donald Sachs' treatment and ultimate death. Stoneman later responded to Forrest and Parks that he had obtained approval from Sachs to dismiss the complaint against all of the defendants. Finally, Parks wrote to Stoneman indicating that his clients desired an immediate dismissal and that this could be accomplished by Stoneman notifying the trial court that he would not oppose Parks' motion for summary judgment. Parks additionally stated in this letter that his clients would not pursue costs against Sachs.

The trial court conducted a hearing on March 15, 1982 and approved the stipulation dismissing the Good Samaritan Hospital defendants; the motion to dismiss as no "all other defendants not covered in the stipulation" was also granted. Notably, Frey was not represented at this hearing and his motion for summary judgment was not ruled upon.

On March 23, 1982, the trial court signed an order prepared by Frey dismissing the action "with prejudice as to all parties, each party to bear his own costs." Nevertheless, attorney Parks submitted a letter to the court indicating that his motion for summary judgment was still pending on behalf of Frey and requesting that the court sign an order in favor of the defendants with costs. The trial court entered this order on April 2, 1982.

As a result, the record shows the existence of two conflicting dispositions—the first order dismissing the action without costs, and the second order granting Frey his taxable costs.

On April 7, 1982, Parks filed a motion for reconsideration requesting that the court amend the March 23 order of dismissal with prejudice, which was prepared by Parks, to grant Frey his costs as prevailing parties. As support for his motion, Parks cited A.R.S. § 12–341 which provides that a "successful party to a civil action shall recover from his adversary all costs ex-

pended or incurred." This motion was denied by the trial court.

Parks attempted to amend the March 23 order of dismissal once again by claiming that one of his clients, Arizona Health Plan, was inadvertently omitted on the order prepared by his law office. Although the March 23 order of dismissal clearly stated that the action was dismissed "as to all parties", Parks submitted an additional order specifically naming Arizona Health Plan as a party. This order also provided that Sachs was to pay all costs. On May 21, the court signed this version of the order of dismissal.

Following Stoneman's strong objections to the court's May 21 order, the language awarding costs to Frey was deleted by an amended order filed July 12, 1982.[1]

The present malicious prosecution action against Stoneman was commenced on October 22, 1982. Stoneman filed a motion to dismiss the action, arguing that there was no favorable termination in the prior medical malpractice action in favor of Frey, therefore a necessary element for the malicious prosecution action was not present. According to Stoneman, the trial court never ruled upon the merits in the prior case even though it had several opportunities to do so.

The trial court reviewed the record in the medical malpractice action and determined that there was "no explicit consideration of the merits" in that case; a formal order granting Stoneman's motion to dismiss was filed on January 14, 1983. Frey moved for a new trial and/or reconsideration of this ruling. This motion was denied by the trial court and Frey has appealed that decision.

## VOLUNTARY DISMISSAL

This court must accept all material facts alleged by Frey as true in our review of the motion to dismiss. *Donnelly Const. Co. v. Oberg/Hunt/Gilleland,* 139 Ariz. 184, 677 P.2d 1292 (1984); *Sun World Corp. v. Pennysaver, Inc.,* 130 Ariz. 585, 637 P.2d 1088 (App.1981). Further, we can uphold the

dismissal only if Frey would not be entitled to relief under any facts susceptible of proof under the claim stated. *Donnelly, supra; Sun World, supra.*

Stoneman's basis for the motion to dismiss was that the voluntary dismissal in the underlying medical malpractice action did not reflect upon the merits of the claim. Consequently, there was no favorable termination of the action for Frey. The law is well established that an essential element of a malicious prosecution claim is that the prior litigation must have terminated in favor of the defendant. *Nataros v. Superior Court of Maricopa County,* 113 Ariz. 498, 557 P.2d 1055 (1976); *Moran v. Klatzke,* 140 Ariz. 489, 682 P.2d 1156 (App. 1984). Thus, we must decide whether the circumstances surrounding the voluntary dismissal of the civil action in the present case constitute a favorable termination for the purposes of instituting a malicious prosecution action.

This is a question of first impression in this jurisdiction. The California Court of Appeal, however, has previously held that:

> Whether or not the termination of an action prior to a determination on the merits tends to indicate innocence on the part of the defendant of the acts with which he is charged must depend on *whether the manner of termination reflects on the merits of the matter.* (Emphasis added.)

*Minasian v. Sapse,* 80 Cal.App.3d 823, 827, 145 Cal.Rptr. 829, 832 (1978).

The California Supreme Court has also discussed the meaning of favorable termination of a prior proceeding as it pertains to a malicious prosecution action. In *Jaffe v. Stone,* 18 Cal.2d 146, 114 P.2d 335 (1941), the court stated that in viewing a dismissal or other termination on the merits the court should determine whether the dismissal:

> [I]s of such a nature as to indicate the innocence of the accused, [then] it is a favorable termination sufficient to satisfy the requirement. If, however, the

1. The trial judge here was not the same judge    we have in this appeal.

dismissal is on technical grounds, for procedural reasons, or *for any other reason not inconsistent with his guilt, it does not constitute a favorable termination.* (Emphasis added.)

*Id.* at 150, 114 P.2d at 338. *See also Lackner v. LaCroix*, 25 Cal.3d 747, 159 Cal. Rptr. 693, 602 P.2d 393 (1979). A favorable termination, however, has not been generally recognized when a dismissal results from negotiation, settlement, or consent. *Weaver v. Superior Court*, 95 Cal.App.3d 166, 156 Cal.Rptr. 745 (1979); *see Webb v. Youmans*, 248 Cal.App.2d 851, 57 Cal.Rptr. 11 (1967). In such a case, the dismissal has been held to reflect ambiguously on the merits of the action. *Minasian, supra* 80 Cal.App.3d at 827 fn. 4, 145 Cal.Rptr. at 832, citing Prosser, *Law of Torts* § 119 at 840 (4th ed. 1971).

In the present case, Frey contends that the underlying malpractice claims were nonmeritorious and as a result, the dismissal was in favor of all defendants. We cannot agree. The rationale of the California decisions provides strong support for the trial court's conclusion that Sachs' voluntary dismissal with prejudice did not result in a favorable termination for Frey. Attorney Stoneman pursued Sachs' claims through the discovery process until February, 1982. At that time, his client voluntarily terminated the litigation. Sachs' claims were therefore vigorously prosecuted; there is no evidence that the case was abandoned for lack of interest.

The record additionally contains sufficient proof that the parties entered into a stipulation for a voluntary dismissal of Sachs' lawsuit. In fact, Frey encouraged such a dismissal through the correspondence of their counsel, Forrest and Parks. In attempting to procure a dismissal, Parks moreover offered to Stoneman that his clients would not pursue costs in the matter.

More important, the unusual series of letters to the trial court that caused several amended judgments to be entered establishes the initial judgment without the award of costs to be the correct judgment.

The trial court specifically refused to enter a dismissal which would be reflective of the merits by awarding costs to Frey.

We therefore hold that the present factual circumstances surrounding Sachs' voluntary dismissal do not constitute a favorable termination. Accordingly, the trial court correctly dismissed the malicious prosecution action of Frey because the March 23, 1982 judgment does not reflect on the merits of the prior proceedings.

The judgment of the superior court in this appeal is thus affirmed.

FROEB, C.J., and CONTRERAS, P.J., concur.