**ALEXANDER & ALEXANDER, INC., Appellant,**

v.

**Rick C. KOELZ and William S. Leber, Respondents.**

No. 51384.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 25, 1986.

Motion For Rehearing and/or Transfer Denied Jan. 13, 1987.

Peper, Martin, Jensen, Maichel and Hetlage, Martin P. Zucker, St. Louis, for appellant.

Shepherd, Sandberg & Phoenix, John S. Sandberg, Debra Carlson Wood, St. Louis, for respondent.

CRIST, Presiding Judge.

Appellant (surviving corporation) appeals the dismissal of its petition seeking to enforce a covenant not to compete between respondents (employees) and surviving corporation's predecessor, Reed Stenhouse, Inc., (employer). We reverse and remand.

■ On review of a dismissal for failure to state a claim upon which relief may be granted, the appellate court liberally construes the pleadings, accepting as true all well-pleaded facts and inferences therefrom favorable to the plaintiff, to determine whether the pleading demonstrates a ground for relief. *Zweifel v. Zenge & Smith*, 703 S.W.2d 15, 18 (Mo.App.1985). In the petition, surviving corporation alleges employees, who were insurance brokers, signed employment contracts on November 9, 1981, with employer, an insurance brokerage firm, which was a wholly-owned subsidiary of surviving corporation. Each employment contract contained a covenant not to compete with employer for two years following the termination of employment by soliciting those who were clients of employer in the year immediately preceding termination.

On August 9, 1985, employer was merged with its parent, surviving corporation. Employees terminated employment on September 4, 1985, and, it is alleged, began to solicit business from some who had been clients of employer during the year immediately preceding employment termination, in violation of the contracts. Surviving Corporation sued, claiming, as the successor to employer, it was entitled to enforce the restrictive covenants in the employment contracts. Employees moved to dismiss, asserting the contracts provided for the performance of personal services, were unassignable, and therefore could not be enforced by employer. The petition was dismissed and surviving corporation appeals.

The question presented for decision is whether the surviving company in a statutory merger can enforce covenants not to compete contained in contracts between the merged company and employees of that company. We believe the better reasoned approach dictates enforceability of covenants not to compete following such transfers.

■ Non-competition covenants in employment contracts are enforceable because they protect the employer's legitimate interest in preserving the goodwill of his business. *Osage Glass, Inc. v. Donovan*, 693 S.W.2d 71, 74 (Mo. banc 1985). Such goodwill can be sold from one company to another, and a vendor's covenant not to compete with the vendee can be enforced by vendee's assignee. *Schnucks Twenty-Five, Inc. v. Bettendorf*, 595 S.W.2d 279, 287 (Mo.App.1979). Such a covenant is not strictly personal, but is incident to the property sold *"and [to] the business also."* (Emphasis added.) *Id.*

■ Likewise, a non-competition agreement is a valuable asset for the business when it is in an employment contract rather than a contract to sell the business. *Saliterman v. Finney*, 361 N.W.2d 175, 178 (Minn.App.1985). It protects the employer's goodwill and his stock of customers in that setting, as well as it does in the context of a sale of the business. *Mills v. Murray*, 472 S.W.2d 6, 12 (Mo.App.1971).

■ Employees assert the employment contract at issue in their case is one for personal services, which, as a general rule, cannot be assigned without the consent of the employee. *See Alldredge v. Twenty-*

*Five Thirty-Two Broad. Corp.*, 509 S.W.2d 744, 749 (Mo.App.1974). However, a change in the form in which the employer does business such as the merger in this case, while involving a formal transfer from one entity to another, should not be seen as creating an assignment in violation of the rule against the assignment of personal service contracts. The merger here apparently had no affect on the business of employer, which was merely converted from a wholly-owned subsidiary of surviving corporation to an integral corporate part of surviving corporation. Just as the initial acquisition of one company by another by the purchase of stock would not work a change in the business, neither would the merger, a mere change in the form of ownership from indirect to direct, work such a change in the business. As no assignment could occur in the former, no prohibited "assignment" would occur in the latter. *Segal v. Greater Valley Terminal Corp.*, 83 N.J.Super. 120, 199 A.2d 48, 50 (A.D.1964); *Dodier Realty and Inv. Co. v. St. Louis Nat. Baseball Club*, 238 S.W.2d 321, 325[4] (Mo. banc 1951).

A mere change in the form in which business is owned or conducted should not work a prohibited assignment. Whether there is a change in partnership personnel or structure (*Thames v. Rotary Engineering Co.*, 315 S.W.2d 589, 591–92 (Tex.App. 1958); *but see Schweiger v. Hoch*, 223 So.2d 557, 558–59 (Fla.Dist.App.1969)), the incorporation of a previously unincorporated business, (*Ruberoid Co. v. Glassman Const. Co.*, 248 Md. 97, 234 A.2d 875, 878–79 (App.1967)), the dissolution of a corporation (*Trubowitch v. Riberbank Canning Co.*, 30 Cal.2d 335, 182 P.2d 182, 190–92 (1947)), or a change in corporate structure (*Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 637 P.2d 1088, 1090–92 (App. 1981)), if there is no material change in the contract obligations and duties of the employee, there is no reason for the transfer of the rights from one entity or form to another to work an assignment putatively prohibited by the rule against assignment of personal service contracts. *E.g. Sun World Corp.*, 637 P.2d at 1091–92.

It is not questioned the amalgamation of these entities was in fact a statutory merger. As such, the surviving corporation succeeded to all the rights and liabilities of the preceding corporations. Section 351.450(4), (5), RSMo (1978); *Dodier*, 238 S.W.2d at 324–25. If the rights which inure to the benefit of the surviving corporation did not include those conferred by contracts such as those involved here, the statutory scheme which allowed such mergers would be seriously disrupted. *Segal*, 199 A.2d at 51.

Nothing contained in the limited record available on this motion to dismiss indicates employees' duty not to compete will be materially altered by the merger. The mere change in corporate personality would not, it seems, alter their duties. *Munchak Corp. v. Cunningham*, 457 F.2d 721, 725 (4th Cir.1972). Further, when a person contracts with a corporation, it must be assumed that person contemplated the almost certain likelihood of change in the corporation and its personnel. *Town of Hampton v. Hampton Beach Improvement Co.*, 107 N.H. 89, 218 A.2d 442, 448 (1966); *Segal*, 199 A.2d at 51. Therefore, we find no impediment to this transfer of the right to enforce the covenants due to the personal service nature of the contracts at issue here.

■ It is also urged the contracts in the present case are silent on the matter of assignability, and are therefore not assignable. *Alldredge*, 509 S.W.2d at 749. These contracts are silent on the question of assignability, which is some evidence the contract was not intended to be assignable. However, such proof is not controlling or conclusive on the issue. *City of Hampton*, 218 A.2d at 447. When the silence of the contract is viewed in conjunction with the changeable corporate nature of the employer, the inference the contract was intended to be assignable is at least as strong as the inference that it was unassignable. *See Evening News Ass'n v. Peterson*, 477 F.Supp. 77, 81 (D.C.Cir.1979). As we do not believe the transfer by merger here

worked an assignment, assignability of the contract by its own terms is not a viable issue.

Our holding is not in conflict with *Alldredge*, 509 S.W.2d at 797. That case involved not a merger but a partial sale of a business, with vendor and vendee maintaining separate existences following the sale. The employee involved had been notified he would be discharged by vendor prior to the consummation of the sale, and there was no transfer of any sort of vendor's rights under the employment contract with the employee in that case. As there was no transfer involved, *Id.*, it is not controlling here.

We do not decide if the covenant here is otherwise enforceable. We hold only that the transfer in the circumstances involved in this case did not impose, as a matter of law, a material change in the obligations and duties of employees; and therefore the transfer does not automatically render such a covenant unenforceable.

Reversed and remanded.

SIMON and CARL R. GAERTNER, JJ., concur.