NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STEPHEN TRIPODI, *Plaintiff/Appellant*,

*v.*

RICHARD BEAUFEAUX, *Defendants/Appellees*.

No. 1 CA-CV 23-0264
FILED 1-30-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-007045
The Honorable John Christian Rea, Judge *Retired*

**AFFIRMED**

COUNSEL

Stephen Tripodi, Prescott
*Plaintiff/Appellant*

Law Office of Dean W. Clouse, PLC, Mesa
By Dean W. Clouse
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Michael S. Catlett and Judge James B. Morse Jr. joined.

**P A T O N,** Judge:

¶1 Stephen Tripodi appeals the superior court's dismissal of his complaint against Richard and Christine Beaufeaux and award of attorney fees to the Beaufeauxs. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Tripodi's grandmother, Beatrice, and Merle Beaufeaux married in 1993 and created a revocable trust the same year. The couple directed that upon death, their assets would be divided equally among their children from prior relationships, with one-half going to Merle's children and one-half to Beatrice's two daughters.

¶3 Merle died in 2013, and Beatrice restated and renamed the trust in 2017. The amended trust left the division of assets upon Beatrice's death largely the same in that one-half would still go to Merle's children, including his son, Richard. But the other half would go to Beatrice's daughter, Janice, or Beatrice's living great-grandchildren if Janice died first.

¶4 In February 2019, Tripodi petitioned the superior court to appoint him Beatrice's temporary guardian and conservator. The day before the hearing on Tripodi's petition, Beatrice amended the trust again and "intentionally omitted" Tripodi as a beneficiary. The superior court dismissed the guardianship petition the next day after an evidentiary hearing that Tripodi failed to attend. Beatrice died a few months later on June 6, 2019.

¶5 Tripodi filed a complaint nearly three years later, on June 4, 2022, alleging Richard and his wife, Christine, defrauded Tripodi of the proceeds of Beatrice's estate. The Beaufeauxs moved to dismiss under Arizona Rule of Civil Procedure ("Rule") 12(b)(6) and argued Tripodi's complaint was barred by Arizona Revised Statutes ("A.R.S.") Section 14-10604(A), which required Tripodi to file his claim within one year of Beatrice's death.

¶6 Tripodi moved for leave to amend his complaint, expanding his fraud claim and adding a misrepresentation claim. The superior court granted the motion and accepted Tripodi's first amended complaint.

¶7 The Beaufeauxs filed an amended motion to dismiss with prejudice on September 28, 2022, in which they repeated the arguments in their first motion to dismiss and also argued Tripodi's claims failed to meet the heightened pleading standard for fraud in Rule 9(b). In October,

Tripodi requested additional time to respond to the amended motion, which the court granted; he filed a second motion to amend the complaint the same day. Tripodi never responded to the Beaufeauxs' amended motion to dismiss his first amended complaint.

**¶8** On December 16, 2022, after Tripodi failed to respond by the extended deadline, the Beaufeauxs requested a ruling on their motion to dismiss. The superior court notified the parties that the matter would be dismissed on January 4, 2023, if certain actions were not taken in the case—including filing a continuance motion. Tripodi took no further action and the court dismissed the case with prejudice on January 10. It later awarded the Beaufeauxs their attorney fees.

**¶9** Tripodi timely appealed the superior court's order granting the Beaufeauxs' motion to dismiss and awarding them attorney fees. We have jurisdiction pursuant to Section 12-120.21(A)(1).

## DISCUSSION

**¶10** The superior court has discretion to summarily grant a motion to dismiss when the non-moving party does not timely respond. *See* Ariz. R. Civ. P. 7.1(b)(2); *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 65, ¶ 17 (App. 2010). The non-moving party generally has 10 days to respond to a motion to dismiss. Ariz. R. Civ. P. 7.1(a)(3). The nonmovant's failure to respond does not solely justify dismissal if the motion to dismiss does not show the movant is entitled to relief. *Zimmerman v. Shakman*, 204 Ariz. 231, 237, ¶ 21 (App. 2003). We review the discretionary decisions of the superior court for an abuse of discretion, *see Ahwatukee Custom Ests. Mgmt. Ass'n, Inc. v. Turner*, 196 Ariz. 631, 634-35, ¶¶ 5, 10 (App. 2000), but review de novo whether the movant is entitled to relief under Rule 12(b)(6). *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 70, ¶ 7 (App. 2014).

**¶11** Tripodi never responded to the Beaufeauxs' first motion to dismiss or their amended motion. He contends that his obligation to respond became moot when he filed a second motion to amend his complaint. He is incorrect. Amending a complaint does not relieve the non-moving party from responding to a previously filed motion to dismiss. *See* Ariz. R. Civ. P. 15(a)(3). We hold pro se litigants to the same standards as attorneys. *Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017) (citation omitted). Tripodi's mistake does not excuse his failure to respond. His argument is particularly unavailing because he requested and received an extension of time to file his response, indicating he knew how to request more time if

necessary. He also received notice that the court placed the matter on its dismissal calendar but failed to respond or take further action.

¶12 The Beaufeauxs have also shown they are entitled to relief. In their amended motion to dismiss, they asserted that Tripodi's claims are barred by Section 14-10604. Under Section 14-10604(A), the last possible date to challenge the validity of the trust was one year after Beatrice's death. Beatrice died on June 6, 2019. Tripodi filed his complaint nearly three years later, on June 4, 2022. Having shown Tripodi's claims are time-barred, the Beaufeauxs are entitled to relief.

¶13 Before granting a motion to dismiss for failure to state a claim, the superior court should give the non-moving party an opportunity to amend their pleading to cure any defects. *Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 589 (App. 1981) (citation omitted). Tripodi filed a second motion to amend his complaint. But his proposed amended complaint failed to cure the defects in the first complaint. The superior court properly granted the Beaufeauxs motion to dismiss.

¶14 Tripodi also appeals the superior court's award of attorney fees to the Beaufeauxs. As relevant here, the superior court shall assess reasonable attorney fees against a party who defends a claim without substantial justification or unreasonably delays the proceedings. A.R.S. § 12-349(A)(1), (3). We review awards of attorney fees for an abuse of discretion. *Sunland Dairy LLC v. Milky Way Dairy LLC*, 251 Ariz. 64, 70, ¶ 28 (App. 2021) (citation omitted).

¶15 The superior court granted the Beaufeauxs their attorney fees after finding Tripodi brought his complaint without substantial justification and unreasonably delayed the proceedings. *See* A.R.S. § 12-349(A)(1), (3). A claim lacks substantial justification when it is groundless and not brought in good faith. A.R.S. § 12-349(F). A claim is groundless when the law bars the claim. *Phoenix Newspapers, Inc. v. Dep't of Corrs.*, 188 Ariz. 237, 245 (App. 1997). And a party's failure to support his claim is a form of bad faith. *See Takieh v. O'Meara*, 252 Ariz. 51, 62–63, ¶ 43 (App. 2021).

¶16 Here, the superior court found Tripodi's claim to be groundless because it was time-barred. It also determined Tripodi failed to investigate his claim before bringing it because an investigation would have revealed that his claim was time-barred. The court did not abuse its discretion in finding that Tripodi brought his claim without substantial justification.

4

¶17    The superior court also found Tripodi unreasonably delayed the proceedings. *See* A.R.S. § 12-349(A)(3). Tripodi requested more time to respond to the Beaufeauxs' amended motion to dismiss but then failed to respond. He contends that because he filed a second motion to amend his complaint, he believed the motion to dismiss was moot and he was no longer required to respond. His argument is unpersuasive, however, because the record shows he previously cited to Rule 15(a) in at least one of his pleadings. Rule 15(a)(3) states that amending a complaint does not relieve a party from responding to a pending motion to dismiss. Ariz. R. Civ. P. 15(a)(3). The superior court did not abuse its discretion in awarding the Beaufeauxs their reasonable attorney fees.

¶18    The Beaufeauxs have requested attorney fees and costs on appeal. A party requesting attorney fees "must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorney fees[,]" which the Beaufeauxs failed to do. Ariz. R. Civ. App. P. 21(a)(2). Accordingly, we deny their request for attorney fees. As the prevailing party, however, the Beaufeauxs may recover their costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶19    We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

5