NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEPHEN JOHN WILLIAMS II, *Plaintiff/Appellant*,

*v.*

STEPHEN HODGKINS WILLIAMS, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0271
FILED 01-21-2025

Appeal from the Superior Court in Maricopa County
No. CV 2023-054810
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Stephen John Williams II, London, UK
*Plaintiff/Appellant*

Rubin Law PLC, Phoenix
By David A. Rubin
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

**F U R U Y A**, Judge:

**¶1**            Stephen John Williams II ("Williams") challenges the dismissal of his complaint against his parents, Appellees Stephen Hodgkins Williams and Pat Ann Williams. Because Williams has not shown any error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**            Williams sued appellees in Maricopa County Superior Court, alleging they violated federal criminal law. Notably, he pleaded no specific acts or particular dates for the alleged misconduct; he instead broadly alleged, for example, that in February 2022 appellees "drugged" his "Food, Toothpaste, and Protein Powered (sic)" with prescription drugs and hacked the "federal computer" he used as a "Federal Employee." Williams sought imprisonment of appellees, criminal fines, and monetary damages.

**¶3**            In January 2024, appellees moved to dismiss the complaint. Noting that Williams had filed two previous complaints against them, appellees contended that the current complaint "fail[ed] to allege any coherent legal claim upon which relief can be granted." Williams did not respond to the motion to dismiss until early March 2024, when he filed an "Answer to Motion and Counter of Amended Pleading." The same day, the court granted the motion to dismiss and awarded appellees taxable costs. That ruling was filed on March 11, 2024. On March 13, the court noted by minute entry that it would not take action on Williams' March 8 filing because the filing was untimely and the case had already been dismissed. This appeal followed and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶4**            We review dismissal of a complaint de novo. *CVS Pharmacy, Inc. v. Bostwick*, 251 Ariz. 511, 516 ¶ 10 (2021).

**¶5**            To begin, "[t]his court has a responsibility to see that litigants conform to an acceptable, minimal level of competency and performance and we owe this responsibility to the judiciary, the bar and, more

importantly, to all litigants and the people as a whole." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up). To that end, our supreme court has set forth rules to which litigants must adhere to bring an appeal. *Id.* These include the requirement that an opening brief must, at a minimum, provide a "statement of facts" relevant to the issues presented for review and include appropriate citations to the record. *Id.* (citing ARCAP 13(a)(5)). Further, the brief must present coherent arguments that explain the litigant's position concerning each issue presented for review, "with supporting reasoning, citations to legal authorities, and appropriate references to the record." *Id.* (citing ARCAP 13(a)(7)). Those who fail to make a bona fide and reasonably intelligent effort to comply with the rules "waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Id.* (cleaned up).

**¶6** Williams' appeal fails because his opening brief is entirely deficient. The statement of facts in his opening brief does not contain a single citation to the record and is inadequate to explain his positions. Further, his arguments are presented largely as mere conclusions without structure or explanation. Those that have some semblance of reasoning are nevertheless inadequately explained. And again, Williams fails to include even a single citation to either the record or to any legal authorities to support his arguments. Williams has failed to provide a bona fide and reasonably intelligent effort to comply with ARCAP 13, waiving all issues in this appeal. *Id.* at ¶ 9 (citing *In re Aubuchon*, 233 Ariz. 62, 64–65 ¶ 6 (2013)). We therefore affirm the superior court's dismissal of his complaint.

**¶7** But even if his opening brief's failings did properly preserve issues for review, Williams' appeal still fails on its merits. Arizona Rules of Civil Procedure ("Rule") 8(a)(2) requires that all pleadings that set forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading that does not comply may be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008). In assessing the sufficiency of a pleading, "Arizona courts look only to the pleading itself and consider the well-pled factual allegations contained therein." *Id.* Mere conclusory statements are insufficient to state a claim upon which a court can grant relief. *Id.* Motions to dismiss for failure to state a claim are not favored and should not be granted unless no relief could be given "'under any state of facts susceptible of proof under the claim stated.'" *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594 (1983) (quoting *Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 586 (App. 1981) (citation omitted)).

¶8        The dismissal was appropriate here because Williams' claims are based on federal criminal statutes over which Arizona courts have no jurisdiction. 18 U.S.C. § 3231 (federal courts have exclusive jurisdiction for prosecuting federal crimes). Additionally, he made only conclusory allegations to support the alleged criminal acts. On appeal, he does not try to show otherwise; instead, he broadly argues that the superior court erred by denying him a "trial or hearing" and demands polygraph testing of appellees.

¶9        Moreover, Williams' untimely motion to amend the complaint did not proffer amendments that would have cured the complaint's defects. He invoked victim rights to demand a jury trial. In any event, the defects are incurable. *See Wigglesworth v. Mauldin*, 195 Ariz. 432, 439 (App. 1999) (because inmate had no entitlement to commutation of sentence, court "[could not] imagine that an amendment would cure the legal defects of his complaint" alleging violation of his constitutional rights by governor's failure to follow clemency board's recommendation to do so).

¶10       Williams' brief on appeal repeats his flawed pleading. He lists many alleged "errors" by the trial court, though none of them deal with the defects of his complaint. He speaks in the same conclusory manner as his complaint and fails to reference the superior court record or cite legal authority. He has not shown any error by the superior court.

**CONCLUSION**

¶11       We affirm the dismissal of Williams' complaint.

¶12       Appellees request an award of their costs and attorneys' fees on appeal. Since appellees are the successful party on appeal, they meet the requirement in A.R.S. § 12-341, and we award them costs upon compliance with ARCAP 21.

¶13       In support of their request for attorneys' fees under A.R.S. § 12-349, appellees contend that Williams' "position on appeal is unjustified, unreasonable, and brought solely for the purpose of harassment . . . ." A.R.S. § 12-349(A)(1) and (F) authorizes courts to assess reasonable attorneys' fees against parties who bring appeals "without substantial justification," meaning "groundless and not made in good faith." We conclude Williams' appeal is groundless because the superior court did not have jurisdiction over allegations of federal criminal violations from the start of this action. Given the legal baselessness of the claims, there is no good-faith reason for appealing the dismissal. *See Rogone v. Correia*, 236 Ariz. 43, 50 ¶ 22 (App. 2014) (citing *Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 619 (App. 1991) ("A

claim . . . is frivolous if a proponent can present no rational argument based upon the evidence or law in support of that claim.")). Therefore, we award appellees their reasonable attorneys' fees on appeal upon their compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:         JR