223 So.2d 557 (1969)
Stanley SCHWEIGER, Appellant,
v.
Joel HOCH, Samuel Frey and David B. Zugman D/B/a Hoch, Frey & Zugman, a Partnership, Formerly Joel Hoch, David Shriber and Samuel Frey D/B/a Hoch, Shriber & Frey, a Partnership, Appellees.
No. 1210.
District Court of Appeal of Florida. Fourth District.
June 12, 1969.
Harrison D. Griffin, of Kelley, Tompkins & Griffin, Fort Lauderdale, for appellant.
Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
WADE, CHARLES A., Associate Judge.
Defendant appeals from entry of an injunction and award of damages for alleged violation of his employment contract as an accountant with the accounting firm of Hoch, Shriber & Frey, which later became the firm of Hoch, Frey & Zugman, plaintiff below.
*558 The employment commenced January 1962, and about two or three weeks later defendant signed an employment contract embracing in part the following:
"(5) The employee hereby agrees that for a period of three years after the termination of his employment by the employer, either voluntary or involuntary, he will not on either his own account or as a member of a firm, or on behalf of another employer, or otherwise, directly or indirectly, work as a tax consultant, accountant, auditor or bookkeeper for or solicit such business from, any client of the employer.
"* * *
"(8) In the event that the employee violates the terms of any part of this agreement, the employer shall have the right to apply to any court or competent jurisdiction for an injunction restraining the employee from further violation. The employee further agrees that he will pay on demand to the employer as liquidated damages for any violation of paragraph (5) of this agreement a sum equivalent to the fees charged by the employer in the preceding twelve months to the client or clients for whom any work was done or solicited."
Thereafter defendant continued working as an accountant for the partnership of Hoch, Shriber & Frey until April 1965, when it was dissolved by Shriber's withdrawal as a partner, which resulted in the creation of the present partnership of Hoch, Frey & Zugman. When Shriber withdrew as a partner he took with him approximately thirty per cent of the firm's business. The record is silent as to any assignment of the defendant's employment contract, although he continued to work in the same capacity with the new partnership as he did with the old. In October 1965, defendant became a public accountant and during January 1966 he left the firm and commenced the same type of work the firm was doing, that is, accounting services. Several of the clients of the firm became clients of the defendant. Learning this, the firm filed suit to enforce the employment contract, claiming damages in accordance with its provisions. The court below took a considerable amount of testimony on all phases and found plaintiffs could enforce the employment contract originally made between Hoch, Shriber & Frey and defendant and further found certain damages plaintiffs were entitled to. From this ruling and order defendant appeals.
Florida is committed to the general law that contracts for personal services, or those involving a relationship of personal confidence, are not assignable by either party unless the contract so provides, or unless the other party consents thereto or ratifies the assignment. Further, as to the question of consent or ratification of such assignment, it is, of course, necessary that the party to the contract have knowledge that the contract has been assigned or assumed by a third party before it can be claimed that he consented to or ratified the assignment. As stated in Orlando Orange Groves Co. v. Hale, 1935, 119 Fla. 159, 161 So. 284:
"The general rule is that contracts involving relations of personal confidence and personal services are not assignable, but such contracts may be assigned by consent of parties. The acts and conduct of a party to a contract, with knowledge of the fact that it has been assigned, may be such as to warrant the conclusion that a provision in the contract against assignment has been waived, as where work has been performed and been accepted."
We observe however in the above case that the contract was assigned with approval, by resolution, of the Board of Directors of Orlando Orange Groves Company. In the case sub judice there was not an actual assignment of contract between the plaintiffs and defendant. Nenow v. L.C. Cassidy & Son of Florida, Inc., Fla. App. 1962, 141 So.2d 636, also involved an assignment of assets from one corporation to another wherein stock was exchanged *559 for assets, with the parties remaining the same.
In the case of Smith, Bell & Hauck, Inc. v. Cullins, 1962, 123 Vt. 96, 183 A.2d 528, it is stated as follows:
"Knowing the character and personality of his master, the employee might be ready and willing to safeguard the trust which his employer has reposed in him by granting a restrictive covenant against leaving that employment. His confidence in his employer might be such that he could scarcely anticipate any rupture between them. As to that particular employer, if a break did occur, he might be willing to pledge that his fidelity would continue after the employment had ended, even at the cost of forsaking the vocation for which he was best suited. This does not mean that he was willing to suffer this restraint for the benefit of a stranger to the original undertaking."
When the initial partnership was dissolved and the new one created, the defendant's continued employment could not in itself be construed as sufficient knowledge and consent to conclude that the parties intended the original contract to be assigned or that the assignment was consented to or ratified by the defendant.
The contract not to compete was for the benefit of the employing firm and when the firm changed it was incumbent upon the new firm to then have a new contract not to compete entered into. Naturally it would be the responsibility of the employee to then sign the contract or the employer could release him. It would not be the duty of the employee, when the firm was changed, to approach the employer and repudiate the contract which he had with the original employer.
There are several other points raised on appeal but we do not deem it necessary to consider them.
The trial court erred in not finding for the defendant in the original case and in finding the plaintiffs could enforce the contract for personal service not to compete.
For the reasons above stated this cause is reversed with directions to dissolve the temporary and permanent injunctions, to dismiss the bill of complaint and damage judgment against defendant including the judgment for costs entered thereon, with reimbursement to be made to the defendant for any sums paid under said judgments.
Reversed.
CROSS and McCAIN, JJ., concur.