PER CURIAM.
Oswald Morales appeals an order compelling him to pay under threat of contempt[1] $2,000 in attorney’s fees and $164.23 in costs to the wife’s attorney, Harold P. Barkas. The order was entered pursuant to Barkas’ post-decretal motion, which alleged that Paragraph 10 of the Property Settlement Agreement between the Moraleses clearly and unambiguously provided that “... Husband agrees to pay to ... Barkas, the Wife’s attorney, the sum of $2,000 and costs of this litigation,” and that these amounts were not paid. The husband and wife contended in sworn pleadings in opposition to this motion that when the wife hired Bar-kas, at Barkas’ insistence she paid him a retainer of $2,500; that the design of Paragraph 10 was (a) to memorialize the understanding that Barkas was to receive the grand total of $2,000 as an attorney’s fee for what turned out to be an abbreviated and uncomplicated matter, and (b) to make the payment of the fee the husband’s responsibility. The husband and wife asserted that the husband had paid the wife the $2,000 and that therefore Barkas owed the wife $335.77, that is, the difference between the retainer of $2,500 and the $2,000 fee plus costs finally agreed upon. Barkas’ position is that he was entitled to both the $2,500 admittedly received by him and the $2,000 and costs which the husband undertook to pay in the agreement.
While Paragraph 10 of the Property Settlement Agreement may be, as the trial court found, clear and unambiguous, what is clear and unambiguous is only that the husband is to pay Barkas $2,000 as attorney’s fees. What is uncertain is whether Barkas was to reimburse Mrs. Morales, that is, whether the provision was intended as a benefit to Mrs. Morales, not as an additional payment to Barkas. If the agreement contained language to the effect that the $2,000 fee and costs were to be in addition to the $2,500 already paid to Barkas by Mrs. Morales, then we could conclude that it clearly and unambiguously mandated the result reached by the trial court. But Paragraph 10, in the face of the Moraleses’ allegations, does not unmistakably lead to that result. The oral agreement which the Moraleses say existed is not one which is displaced by, or at variance with, the written understanding embodied in Paragraph 10. Indeed, the alleged substance of the oral agreement is simply not dealt with in Paragraph 10, and, if shown, would be consistent with the language of Paragraph 10. Under such circumstances, evidence of the *936 separate parol agreement should have been received by the trial court at an evidentiary hearing to determine what the parties intended by Paragraph 10. Payne v. Nicholson, 100 Fla. 1459, 131 So. 324 (1932); Little River Bank & Trust Company v. North American Mortgage Corporation, 186 So.2d 263 (Fla.2d DCA 1966); B. F. Goodrich Company v. Brooks, 113 So.2d 593 (Fla.2d DCA 1959).
Reversed and remanded for further proceedings consistent with this opinion.

. While Mr. Morales raises the issue that the trial court cannot, in any event, hold him in contempt for failure to pay Barkas, we do not reach that issue because (a) our decision makes it unnecessary, and (b) no contempt order was entered.