500 So.2d 561 (1986)
JOSEPH U. MOORE, INC., Appellant,
v.
John R. NEU, Appellee.
No. 85-2098.
District Court of Appeal of Florida, Second District.
November 12, 1986.
Rehearing Denied January 14, 1987.
*562 Wanda A. Hagan and Stanley H. Eleff of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
John H. Rains, III of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellee.
James M. Landis and John J. Cunningham, Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., amicus curiae for E. Paul Kennedy, Jr.
RYDER, Judge.
The trial court denied Joseph Moore's motion for a temporary injunction against his former employee, John Neu. Moore brings an interlocutory appeal from the court's denial and asserts the trial court erred in holding his noncompetition clause invalid.
Moore is engaged in the insurance and surety bond business. On January 27, 1982, Moore entered into an employment agreement with Neu. The employment contract contained a noncompetition clause which provided that:
In the event of termination of this agreement for any reasons, or in the event Neu should leave the employ of employer, or no longer be employed by employer for any reasons whatsoever, including disability or retirement, it is agreed that Neu will not for a period of five years thereafter directly, either as an individual, employee, agent, partner or otherwise solicit or accept the customers, trade, or insurance business of employer, or interfere with the policy contracts of employer, nor assist or refer any such business to any other agency or person.
Moore employed Neu as a general insurance agent from April 15, 1982 until May 15, 1985. Since Neu left Moore, Neu has been engaged in the surety bond business providing services similar or identical to those he provided while in Moore's employ.
Moore filed a complaint against Neu seeking both injunctive relief and damages for breach of Moore's noncompetition clause. Moore also filed a motion for a temporary injunction to stop Neu from violating the covenant not to compete at the time of the complaint.
The trial court denied Moore's motion for two reasons. First, the court held that Moore's noncompetition clause violated section 542.33(2), Florida Statutes (1985). The court stated that section 542.33(2) only allows the employer to prohibit soliciting. The court held that the clause's language did not fall within the exception because it prohibited more than soliciting. Second, the court held that Moore failed to show a clear legal right to injunctive relief and a substantial likelihood of success on the merits.
At the hearing, Moore did not demonstrate that Neu solicited Moore's customers, trade or insurance business. However, Neu admitted having accepted Moore's former customers.
"At common law, [a] contract in restraint of trade which deprived [the] public of one's skill or industry and which prevented one from supporting himself and his family was invalid as against public policy." Orthopedic Equipment Co. v. Streetman & Associates, Inc., 390 So.2d 134 (Fla. 5th DCA 1980). Except for two very narrow exceptions, the Florida legislature has retained the common law position. Section 542.33 provides that:
(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void.

*563 (2)(a) [O]ne who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area ... so long as the employer continues to carry on a like business therein.
Moore's noncompetition clause falls within section 542.33(2)(a)'s exception to the common law prohibition of noncompetition clauses. Under section 542.33(2)(a), an employer may prevent a former employee from engaging in any like business for a reasonable period of time within a reasonable geographic location. Therefore, under the statute, Moore could have totally prohibited Neu from engaging in a similar business for a reasonable period of time and in a reasonable geographic location. Instead, the contract allows Neu to engage in a similar business and only restricts Neu's ability to solicit and to accept Moore's customers.
If the legislature permits complete prohibition of competition over a reasonable time period and geographical area, then surely it permits a less restrictive inhibition of such acts as is the effect of the contract here. We hold that the clause falls within the section 542.33(2)(a) exception.
We note, however, that the clause under consideration contains a time limitation of five years and is silent as to geographic limitation. After remand, the trial court must determine the reasonableness of the time limitation. If the time limitation is reasonable, the trial court must determine a reasonable geographic limitation. If the trial court determines that the time limitation is unreasonable, then the trial court may modify the clause to provide a reasonable time limitation and geographic location. Auto Club Affiliates, Inc. v. Donahey, 281 So.2d 239 (Fla. 2d DCA 1973); Kenco Chemical & Manufacturing Co., Inc. v. Railey, 286 So.2d 272 (Fla. 1st DCA 1973).
Reversed and remanded for proceedings consistent with this opinion.
GRIMES, A.C.J., and SCHEB, J., concur.