534 So.2d 935 (1988)
JOSEPH U. MOORE, INC., Appellant,
v.
John A. HOWARD, Appellee.
No. 88-1440.
District Court of Appeal of Florida, Second District.
December 16, 1988.
Stanley H. Eleff and John E. Johnson of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
Michael R. Carey of Carey, Aylward & O'Malley, Tampa, for appellee.
FRANK, Acting Chief Judge.
Appellant Joseph U. Moore, Inc. is engaged in the insurance and surety bond business. John A. Howard was employed as a general insurance agent by Moore from April 1, 1981 through February 23, 1987. At the commencement of his employment Howard entered into an agreement containing a covenant forbidding him from soliciting or accepting any of Moore's customers, trade or insurance business, from interfering with Moore's contracts, or from referring Moore's business to another agency, for a period of five years following the termination of his employment with Moore.
*936 After Howard dissolved his relationship with Moore, Moore filed a complaint seeking injunctive relief and damages allegedly arising from a breach of the covenant. The court held evidentiary hearings at which it became apparent that two separate classes of business customers were implicated by the covenant: those with whom Howard initially came into contact during his tenure with Moore and those with whom Howard had dealt prior to executing the employment contract. The court denied Moore's motion seeking a temporary injunction, and Moore appealed.
The trial court's basis for the denial of injunctive relief, as explained by the judge, was "equity and estoppel"  "it was promised when he came with the agency that these accounts he brought with him, this agreement wouldn't apply to them." We find that reason appropriate to deny the temporary injunction as to preexisting customers. The covenant, however, prohibits Howard from doing business with the "customers ... of Employer." These words are not defined in the agreement; if anything, at the time Howard entered into the agreement, his preexisting clients were not "customers ... of Employer" and should be excluded on that basis. Given the ambiguity, the trial court correctly admitted parol evidence to explain the words, and the overwhelming weight of the evidence showed that the parties intended to exclude the preexisting clients.
Prior to hiring Howard, however, Moore numbered among its customers Palm Harbor Excavation, a client that Howard could not classify as one of his within the meaning of "preexisting." The trial court, however, did not comment on this aspect of the dispute. Howard's contention that Moore "abandoned" Palm Harbor is weak and unavailing; whether Moore continued to deal with the company is irrelevant and not the test for determining whether the covenant was offended. As we pointed out in Joseph U. Moore, Inc. v. Neu, 500 So.2d 561, 563 (Fla. 2d DCA 1986), rev. denied, 508 So.2d 15 (Fla. 1987), "under section 542.33(2)(a), an employer may prevent a former employee from engaging in any like business for a reasonable period of time within a reasonable geographic location." This particular covenant was restricted to Moore's customers and it was uncontroverted that Palm Harbor Excavation was such a customer during the existence of the employment contract.
Moore correctly points out that upon proof of violation of the covenant immediate injunctive relief is appropriate, even without the necessity of showing damages because irreparable injury is presumed. Capraro v. Lanier Business Products, Inc., 466 So.2d 212 (Fla. 1985). The trial court abused its discretion in failing to enter a temporary injunctive order, albeit one which would specifically exclude Howard's preexisting clients. Sentry Insurance v. Dunn, 411 So.2d 336, 337 (Fla. 5th DCA), rev. denied, 419 So.2d 1196 (Fla. 1982).
We note, however, that the restrictive covenant  identical to that in Neu  bears the same infirmity: it may be overbroad in its time limit (five years) and in its failure to include a geographic boundary. On remand, the trial court should follow the same directive we issued in Neu, 500 So.2d at 563, and consider the reasonableness of the time and geographic restrictions.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
THREADGILL and PARKER, JJ., concur.