# ACE SUPPLY CO., INC. v WALTHER, et al.
## Case No. 87-4403-CA-B
### Fifth Judicial Circuit, Marion County
### April 19, 1990

### APPEARANCES OF COUNSEL

**Daniel A. Amat, Esquire,** for plaintiff.
**George Ortiz, Esquire,** for defendants.

### OPINION OF THE COURT

RAYMOND T. McNEAL, Circuit Judge.

### *FINAL JUDGMENT*

Ace Supply Co., Inc., plaintiff, sued defendants, Richard Allen Walther and Tiger Supply, Inc. to enforce the terms of a 1965 employment contract between Ace Supply Co. and Richard Allen

Walther that contained a non-compete clause. Plaintiff contends that Walther's contract with Ace Supply Co. was an asset of the corporation and was transferred to Donders, Inc. along with the stock and other assets when Ace Supply was liquidated pursuant to the Internal Revenue Code. Defendants argue that the contract between Walther and Ace Supply Co. was a contract for personal services and, though it may have survived other transfers, it did not survive the liquidation of assets and transfer of stock to an entirely new entity in 1977. The court finds that the agreement between Ace Supply Co. and Richard Allen Walther did not survive the 1977 liquidation and denies plaintiff's request for relief.

The parties stipulated to the salient facts of this lawful. The court adopts their stipulation. Based on those facts and the testimony presented at trial the court finds as follows:

1. The 1965 contract between Ace Supply Co. and Richard Allen Walther which included a covenant not to compete was a contract for personal services involving a relationship of personal confidence that did not contain a provision authorizing assignment.

2. Ace Supply Co., a closely held corporation, was transferred several times to individuals who acquired the stock and assets of the corporation and continued to do business as Ace Supply Co. In 1977 the stock and assets of Ace Supply Co. were transferred to a new corporation, Donders, Inc., which eventually changed its name to Ace Supply Co., Inc. The 1977 transfer of assets was pursuant to a complete liquidation of Ace Supply Co. in order to obtain a stepped-up basis under the Internal Revenue Code.

3. The Walther contract was not assigned in 1977, but the new owners believed they were acquiring all of the tangible and intangible assets of the corporation. Although they were not given a value, the employment contracts were considered assets of the corporation.

4. Walther has never agreed to an assignment of his employment contract.

5. Subsequent to the 1977 transfer, Walther was asked to sign a new employment agreement and he refused. He never signed an employment contract with Donders, Inc. or Ace Supply Co., Inc.

In support of their claim, plaintiff relies on *Nenow v L.C. Cassidy & Sons of Fla., Inc.*, 141 So.2d 636 (Fla. 2d DCA 1962). Plaintiff cites *Nenow* for the principle that one corporation can assign an employment contract, containing a non-compete clause, to a successor corporation with can enforce the covenant not to compete. However, when

**165**

you read the *Nenow* opinion and disregard the headnote, it does not support that conclusion.

Nenow negotiated an agreement with an Indiana corporation to work for its Florida subsidiary. Some time later, to resolve some dissatisfaction with the job, Nenow executed an employment contract with the Indiana corporation that provided for continued employment with the Florida subsidiary, L.C. Cassidy & Sons of Florida, Inc. The employment contract included a non-compete clause. Subsequently the assets of the Indiana corporation, including Nenow's employment contract, were assigned to L.C. Cassidy & Sons of Florida, Inc., Nenow's employer.

The *Nenow* court applied the reasoning of *Seligman & Latz of Pittsburg v Vernillo,* 382 Pa. 161, 114 A.2d 672 (1955) which found that incorporation of a partnership without other changes does not abrogate an employment contract or alter the liabilities of the parties. The *Nenow* court did not reject the general rule that contracts involving personal services are not assignable by either party without consent of the other.

Plaintiff also relies on *Alexander & Alexander, Inc. v Koelz,* 722 S.W.2d 311 (Mo. App. 1986). Missouri also follows the general rule against assignment of personal service contracts without consent, but in *Alexander & Alexander, Inc.* the court found that a merger of a subsidiary with its parent company, a change in business form, was not a prohibited assignment of an employment contract.

Defendants rely on *Schweiger v Hoch,* 223 So.2d 557 (Fla. 4th DCA 1969). In *Schweiger* the employee entered into an employment contract with a partnership. The partnership was dissolved and a new partnership created. The employee continued to work for the new partnership. Applying the general rule against assignment of employment contracts, the 4th D.C.A. held that creation of the new partnership dissolved the employment contract and employee's continued employment with the new partnership was not a consent to the assignment. This is the same analysis the Florida Supreme Court applied in *Orlando Orange Groves Co. v Hale,* 119 Fla. 159, 161 So. 284 (1935) although in *Orlando Orange Groves Co.* the court found that a waiver or novation occurred because of the parties' conduct and upheld the assignment.

Defendants also urge the court to apply the plain meaning of *Fla. Stat.* § 542.23(2)(a) (1989) which authorizes a person to agree with his employer to refrain from carrying on or engaging in a similar business within a reasonable area for a limited time so long as such *employer* continues to carry on a like business.

166

Applying the law to the fact of this case the court finds that the contract between Walther and Ace Supply Co. survived the transfers of stock to Arnold Davis in 1967 and to Saunders and Keck in 1976 because Ace Supply Co. continued to be Walther's employer. However, when Ace Supply Co. was liquidated in 1977 and the assets acquired by Donders, Inc. Walther was no longer employed by Ace Supply Co. and his employment contract was dissolved. In the cases cited by plaintiff, the employee continued to be employed by the same employer after the assignment. This is not the case here. Like the employees in *Orlando Orange Groves Co.* and *Schweiger,* Walther was employed by a new entity. Walther's continued employment with the new corporation was not a consent to the assignment of his employment contract, particularly in view of the fact that he was asked to sign a new agreement and refused. The fact that Donders, Inc. changed its name to Ace Supply Co., Inc. and continued in the same business does not affect this result.

Additionally, from the expert witnesses that were presented the court must conclude that nonassignable contracts will not survive a complete liquidation of a corporation pursuant to the Internal Revenue Code. This is not a federal tax question, but a question of state law regarding assignments. In Florida contracts for personal services are not assignable by either party without consent of the other, therefore, Walther's employment contract did not survive the liquidation and the successor corporation cannot enforce the covenant not to compete.

Therefore, it is

ORDERED AND ADJUDGED that judgment shall be for the defendants and against the plaintiff with each party bearing its own attorney's fees and costs.

DONE AND ORDERED in Chambers at Ocala, Marion County, Florida this 19th day of April, 1990.