573 So.2d 1027 (1991)
SANTANA PRODUCTS COMPANY, Appellant,
v.
William VON KORFF and Dan Ficetola, Appellees.
No. 90-01979.
District Court of Appeal of Florida, Second District.
February 1, 1991.
Theodore R. Dempster of Simon, Schindler & Sandberg, P.A., Miami, for appellant.
Robert M. Focht, Land O'Lakes, for appellees.
PARKER, Judge.
Santana Products Company (Santana) appeals the trial court's nonfinal order denying Santana's request for temporary injunction only to the extent that it seeks to enforce a noncompete agreement between Santana and William Von Korff.[1] We reverse.
Santana employed William Von Korff from 1984 to 1989 as a salesman of bathroom and shower fixtures. In 1987, his territory was reduced from all of Florida to twenty counties. In 1987, Von Korff and Santana entered into a noncompetition agreement which provided that Von Korff would not compete with Santana for a period of three years upon termination of his employment with Santana.[2] The agreement lacked any geographic limitation.[3]
In 1989, Von Korff's employment with Santana terminated. On January 1, 1990, Sani-Tech Industries, Inc., a competitor of Santana, hired Von Korff. His job duties include promoting the sale of various Sani-Tech products which are in direct competition with products sold by Santana, including toilet partitions and related items.
Since joining Sani-Tech, Von Korff has contacted Santana customers throughout Florida in an attempt to sell and distribute Sani-Tech products which are identical or similar to Santana products. In his response to interrogatory questions, Von Korff attached lists of Santana customers from whom he had solicited and obtained sales orders on behalf of Sani-Tech, regarding competing products. All of the listed contacts and orders occurred after *1028 the start of his employment with Sani-Tech.
In its order denying the portion of Santana's motion for temporary injunction seeking to enforce the noncompete agreement, the trial court specifically found that Florida law governed the issues between the parties and that under Florida law the agreement on its face was valid. The judge further found that Von Korff, as a managerial employee of Santana, had access to sensitive confidential information. The court found that Von Korff now was employed by a direct competitor of Santana, that the likelihood of Von Korff utilizing confidential information obtained from Santana on behalf of Sani-Tech was great, and that accordingly there was also a great likelihood that a permanent injunction would be issued. Notwithstanding these findings, the court ruled that the noncompetition agreement was null, void, and unenforceable because it was "unlimited geographically."
The question we must answer in this appeal is whether the trial court's refusal to enforce the noncompete agreement for the only reason that the covenant was not limited geographically was an abuse of discretion. The bulk of the Florida case law would find the court's decision below was an abuse of discretion. See Xerographics, Inc. v. Thomas, 537 So.2d 140 (Fla. 2d DCA 1989); Auto Club Affiliates, Inc. v. Donahey, 281 So.2d 239 (Fla. 2d DCA 1973); Lee v. Watsco, Inc., 263 So.2d 241 (Fla. 3d DCA 1972).
Under circumstances such as these, where the parties have endeavored to enter into a noncompete agreement which otherwise appears reasonable and valid but for the absence of a geographical or time restriction, courts have enforced the agreement by modifying its terms to include a reasonable geographical or time restriction, thus giving effect to the agreement so modified. See Joseph U. Moore, Inc. v. Neu, 500 So.2d 561 (Fla. 2d DCA 1986). As this court directed in Neu, this case must be remanded for the trial court to determine what is a reasonable geographic limitation under these circumstances, e.g., Florida or the United States, and to that extent uphold the noncompete agreement.
Reversed and remanded to the trial court to enforce the agreement of the parties after determining a reasonable geographic limitation.
SCHOONOVER, C.J., concurs.
PATTERSON, J., dissents.
NOTES
[1] Although Santana also sought an injunction against Dan Ficetola, Ficetola was not a party to the noncompete agreement which is the basis of this appeal, and the portion of the injunction order concerning Ficetola is not affected by this opinion.
[2] The contract provided that Von Korff would not engage in, or assist any other person or entity in engaging in, the construction or sale of any product in competition with Santana. The agreement also provided that in the event of breach of the agreement, Santana would be entitled to immediate and permanent injunctive relief.
[3] At the hearing, Santana's attorney stipulated that, although nationwide application of the noncompete contract was not unreasonable in view of Von Korff's participation in trade shows throughout the United States on behalf of Santana, Santana would not object to limiting the application of the agreement to the State of Florida, at least for purposes of temporary relief.