580 So.2d 782 (1991)
Kenneth Dal HANCOCK, et al., Appellants,
v.
BRUMER, COHEN, LOGAN, KANDELL & KAUFMAN, Appellees.
No. 90-951.
District Court of Appeal of Florida, Third District.
April 9, 1991.
Rehearing Denied July 3, 1991.
Aurell, Radey, Hinkle & Thomas, and John Beranek, Daniel S. Dearing, Tallahassee, for appellants.
Arthur J. Morburger, Weinstein, Bavly & Moon, and Alvin N. Weinstein, Blackwell & Walker, and Arthur M. Simon, Miami, for appellees.
Before BARKDULL, FERGUSON and GODERICH, JJ.
*783 PER CURIAM.
The plaintiffs, Kenneth Dal Hancock and Jeanne Hancock [Hancocks], appeal from final summary judgments entered in favor of the defendants on all counts. We reverse and remand.
Kenneth Dal Hancock was struck by a car while working at the Garrison Retirement Home. As a result, he had to have his leg amputated. Shortly thereafter, the Hancocks entered into an agreement with the defendant, Bernard H. Butts, Jr., whereby Butts agreed to represent the Hancocks. The agreement specifically provided that as compensation the attorney was entitled to retain forty percent (40%) of the gross proceeds of the recovery. The agreement also contained the following clause regarding a possible appeal:
I also agree that if as a result of a verdict or judgment or appeal is taken or garnishment or any other proceeding after judgment is brought to collect the judgment, then my attorney shall retain an additional ten percent of the gross proceeds of the recovery.
Mr. Hancock was at the hospital and was medicated when he signed the agreement. Some time later he visited Butts and asked him about the additional fee for appellate services mentioned in the agreement. Mr. Hancock alleges that Butts explained that the additional fee would be charged only if there was a jury verdict, and the other side appealed it.
Eventually, Butts referred the case to Brumer, Cohen, Logan, Kandell & Kaufman [Brumer, Cohen]. Brumer, Cohen represented the Hancocks in accordance with the terms and conditions of the initial agreement with Butts and did not ask Hancock to execute a new representation agreement.
Mr. Hancock contends that when he questioned Brumer, Cohen as to who would pay for an appellate attorney, should one become necessary, he was told that it would come out of Brumer, Cohen's forty percent (40%) fee. Brumer, Cohen hired another attorney, Arnold Ginsberg, to assist in preparing a motion for summary judgment on the theory that the nursing home had a duty to ensure that its residents did not act in such a way as to cause foreseeable harm. The trial court granted the Hancocks' motion for partial summary judgment. The nursing home appealed. Ginsberg represented the Hancocks at the appellate proceedings. The Fourth District Court of Appeal affirmed the trial court in part and held that the Hancocks were entitled to summary judgment since the nursing home owed a duty to Hancock. Garrison Retirement Home Corp. v. Hancock, 484 So.2d 1257, 1259 (Fla. 4th DCA 1985). However, the court remanded the case for trial on the issue of whether the duty was breached and to determine causation and negligence. After remand, the case was settled for $1,000,000.00.
Brumer, Cohen retained fifty percent (50%) of the gross recovery as attorney's fees. The closing statement indicated that Brumer, Cohen and Butts received forty percent (40%) of the proceeds and the additional ten percent (10%) was paid to Ginsberg for appellate services. The Hancocks refused to sign the closing statement and demanded the return of the $100,000.00 in appellate fees which were paid to Ginsberg.
The Hancocks instituted the instant suit against Brumer, Cohen and Butts alleging breach of contract (Count I), breach of fiduciary duty (Count II), and conversion (Count III). The Hancocks contend that Brumer, Cohen was entitled to retain the additional ten percent (10%) only if an appeal from a jury verdict was taken. The trial court found that the contract provision applied to any appeal and that, therefore, the contract was not ambiguous and accordingly granted a summary judgment in favor of Brumer, Cohen and Butts on all counts. The Hancocks appeal.
The Hancocks contend that the trial court erred in finding that the contract was unambiguous so as to preclude consideration of relevant parol evidence. We agree.
It is well settled law that where the language of a contract is ambiguous or doubtful, the contract should be construed in the light most favorable to the nondrafting party. Vienneau v. Metropolitan Life Ins. Co., 548 So.2d 856 (Fla. 4th DCA 1989); Coastal Caisson Drill Co., Inc. v. American *784 Casualty Co. of Reading, Pa., 523 So.2d 791 (Fla. 2d DCA 1988), aff'd, 542 So.2d 957 (Fla. 1989); Grappone v. City of Miami Beach, 495 So.2d 838 (Fla. 3d DCA 1986); Finberg v. Herald Fire Ins. Co., 455 So.2d 462 (Fla. 3d DCA 1984); American Agronomics Corp. v. Ross, 309 So.2d 582 (Fla. 3d DCA), cert. denied, 321 So.2d 558 (Fla. 1975). An "ambiguous" word or phrase in a contract has been defined as "`susceptible of interpretation in opposite ways'" or "reasonably or fairly susceptible to different constructions." Friedman v. Virginia Metal Prods. Corp., 56 So.2d 515, 517 (Fla. 1952) (quoting J.E. Blank, Inc. v. Lennox Land Co., 351 Mo. 932, 174 S.W.2d 862, 868 (1943)); accord Specialty Restaurants Corp. v. City of Miami, 501 So.2d 101, 103 (Fla. 3d DCA 1987). Whether a contract provision is ambiguous is a question of law, to be determined by the trial court. Specialty Restaurants, 501 So.2d at 103 (citations omitted). "A trial judge's findings of fact and conclusions of law come to this court with a presumption of correctness and will not be disturbed unless totally unsupported by competent substantial evidence." Randy Int'l Ltd. v. American Excess Corp., 501 So.2d 667, 670 (Fla. 3d DCA 1987).
In the instant case, viewing the contract in the light most favorable to the Hancocks, the disputed contract provision was reasonably susceptible to more than one construction, particularly in the mind of laypersons, such as the Hancocks. See also American Agronomics, 309 So.2d at 582 (court may consider parties' interpretation of an uncertain term in construing contract); Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981) (interpretation of ambiguous contract provision was question for jury). We find that the trial judge's finding of "Jabberwockian gibberish" is inconsistent with his conclusion that the words had a plain, common sense meaning. Additionally, we find that the clause in question was susceptible to different interpretations and was, therefore, ambiguous. For these reasons, there is no competent substantial evidence to support the trial court's conclusion.
Given the ambiguity, the trial court should have admitted parol evidence to explain the parties' interpretation of the contract provision. See Vienneau v. Metropolitan Life Ins. Co., 548 So.2d 856, 859 (Fla. 4th DCA 1989); Joseph U. Moore, Inc. v. Howard, 534 So.2d 935, 936 (Fla. 2d DCA 1988); Morales v. Morales, 397 So.2d 934, 935 (Fla. 3d DCA), rev. denied, 411 So.2d 383 (Fla. 1981); Rock-Weld Corp. of P.R. v. Rock-Weld Equip. Corp. of Fla., 184 So.2d 186, 187 (Fla. 3d DCA 1966). Therefore, we find that the trial court erred in finding that parol evidence was inadmissible to construe the intentions of the parties. The parole evidence creates a factual dispute and, therefore, the summary judgment should not have been granted. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The same issues of fact which barred summary judgment on the contract count also preclude summary judgment on the conversion and fiduciary duty counts.
Having concluded that there is a genuine issue of material fact as to the interpretation that the parties gave the ambiguous contract provision, we reverse the summary judgments entered on all counts and remand this case with directions to proceed with this cause in accordance with the views we have expressed. This conclusion makes it unnecessary for us to address the Hancocks' remaining contentions.
Reversed and remanded for further proceedings consistent with this opinion.