658 So.2d 618 (1995)
Steve JOHNSTON and Shoreline Marine Fuel Delivery, Inc., Appellants,
v.
DOCKSIDE FUELING OF NORTH AMERICA, INC., Appellee.
No. 94-1521.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Rehearing Denied August 23, 1995.
Hendricks & Hendricks and Robert A. Hendricks, Coral Gables, for appellants.
Eric J. Braunstein, Plantation, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
PER CURIAM.
The defendants, Steve Johnston and Shoreline Marine Fuel Delivery, Inc. [Shoreline], *619 appeal from an adverse final judgment, from the denial of their motion for a new trial, and from an adverse final cost judgment. The plaintiff, Dockside Fueling of North America, Inc. [Dockside N.A.], cross-appeals from the trial court's denial of its motion for injunctive relief. We reverse.
In August 1986, Dockside Fueling Service, Inc. [Dockside] was incorporated in Florida and began selling marine fuel. In February 1990, Johnston was employed by Dockside to fuel and service its customers. He executed a six-paragraph document titled "General Rules" that contained a covenant not to compete.
In November 1990, after Dockside was involved in a fuel spill at Watson Island and upon the advice of counsel, Dockside was dissolved. Three months later, in February 1991, Dockside N.A. was incorporated, and Dockside's assets were transferred to Dockside N.A. Throughout all this time, Johnston continued to work for Dockside and Dockside N.A.
In May 1991, Johnston informed Dockside N.A. that he was going into business for himself. Subsequently, Dockside N.A. fired him. In July 1991, Johnston's business, Shoreline, began its operations performing the same services as Dockside N.A. Shoreline also solicited and serviced customers that had previously been serviced by Dockside and Dockside N.A.
Thereafter, Dockside N.A. filed suit against Johnston and Shoreline seeking to enforce the non-compete agreement. Specifically, Dockside N.A. sought injunctive relief, damages, and attorneys fees and costs. The defendants answered the complaint and alleged several affirmative defenses.
At the final hearing, the trial court found that the "General Rules" constituted a valid employment agreement, and that because the transfer of assets from Dockside to Dockside N.A. constituted nothing more than a name change, it was enforceable by Dockside N.A. Therefore, the trial court entered judgment against the defendants, denied the defendants' motion for a new trial, and awarded the plaintiff attorney's fees and costs. This appeal and cross-appeal followed.
Johnston contends that the trial court erred, as a matter of law, by determining that Dockside's rights, pursuant to Johnston's covenant not to compete, were transferred from Dockside to Dockside N.A. Johnston further argued that personal service contracts are generally not assignable, that the "General Rules" did not contain a provision allowing such assignment, and that Johnston never consented to nor ratified such an assignment. We agree.
The general rule in Florida is that a contract for personal services is not assignable by either party unless the parties consent to such an assignment. Schweiger v. Hoch, 223 So.2d 557, 558 (Fla. 4th DCA 1969) (citing Orlando Orange Groves Co. v. Hale, 119 Fla. 159, 161 So. 284 (1935)). When a corporation is dissolved and a new one created, the employee's continued employment can not in and of itself be construed as sufficient knowledge and consent to conclude that the assignment was consented to or ratified by the employee. Schweiger, 223 So.2d at 559.
In the instant case, Dockside was dissolved and three months later, a new corporation, Dockside N.A., was created. As in Schweiger, Johnston's continued employment with the new corporation in and of itself was not sufficient to constitute consent to the assignment of his employment contract from Dockside to Dockside N.A. Therefore, Dockside N.A. may not enforce the non-compete agreement contained in the employment contract. We reverse the final judgment and the final cost judgment, and remand for further proceedings consistent with this opinion.
Because this issue is dispositive, we do not address the other points raised on appeal or cross-appeal.
Reversed and remanded.