712 So.2d 438 (1998)
BENADA ALUMINUM OF FLORIDA, INC., Appellant,
v.
Abdeel RODRIGUEZ, Appellee.
No. 97-2730.
District Court of Appeal of Florida, Third District.
June 10, 1998.
*439 Nason, Yeager, Gerson, White & Lioce and Elaine Johnson James, West Palm Beach, for appellant.
Miles & Stockbridge and Stephen Silvestri, Baltimore, MD, for appellee.
Before GREEN, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Benada Aluminum of Florida, Inc., appeals a final order dismissing its amended complaint with prejudice. We affirm in part and reverse in part.
We affirm the final order insofar as it dismisses with prejudice Count I of Benada's complaint, seeking to enforce a non-compete covenant. Johnston v. Dockside Fueling of No. America, 658 So.2d 618 (Fla. 3d DCA), review denied, 666 So.2d 142 (Fla.1995); Schweiger v. Hoch, 223 So.2d 557 (Fla. 4th DCA 1969). However, we reverse the dismissal of Count II, Benada's Uniform Trade Secrets Act claim. The complaint alleges that upon his departure from Benada's employ, Rodriguez took "confidential information not available in the public domain," Thomas v. Alloy Fasteners, Inc., 664 So.2d 59, 60 (Fla. 5th DCA 1995), such as customer lists indicating the customer's purchasing history, the customer's specifications, and unique drawings prepared for customers by Benada's technical staff. These items "qualify as trade secrets, are the property of the employer, and cannot be used by the former employee for his own benefit." Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982). Thus, the complaint stated a claim for relief under sections 668.003, .004, Florida Statutes, and the court erred in dismissing this claim.
The dismissal of Count I is, therefore, affirmed, and the dismissal of Count II is reversed with instructions to reinstate this count of the amended complaint.
Affirmed in part; reversed in part; and remanded.