745 So.2d 485 (1999)
SEARS TERMITE AND PEST CONTROL, INC., Appellant,
v.
David ARNOLD, individually and d/b/a/ Diamond Termite & Pest Control, and Gary Atchey, individually and as agent for Diamond Termite & Pest Control, Appellees.
No. 98-4715.
District Court of Appeal of Florida, First District.
November 22, 1999.
Allen J. McKenna of Garwood, McKenna, McKenna & Wolf, P.A., Orlando, for Appellant.
Nickolas G. Petersen, Shalimar, for Appellees.
*486 ERVIN, J.
Appellant, Sears Termite and Pest Control, Inc., appeals an order denying its motion to enjoin appellees temporarily, David Arnold, Diamond Termite & Pest Control, and Gary Atchey, from soliciting Sears' customers or hiring Sears' employees. We reverse, as we are unable to discern any reason for the court's denial of the motion.
Sears was formerly known as All America Termite and Pest Control, Inc. All America had hired Arnold as a sales technician, and he executed an employment contract on May 1, 1992, agreeing not to compete with All America for two years upon termination of employment by soliciting All America's customers or by hiring All America employees. On March 17, 1997, Sears Roebuck and Co. purchased 100 percent of the stock of All America, and subsequently changed its name to Sears Termite and Pest Control.
Arnold was promoted to zone manager, supervising employees in Inverness, Naples and Fort Walton Beach, Florida, as well as Charlotte, North Carolina. Atchey was one of Arnold's assistant managers in Fort Walton Beach, and also signed a non-compete agreement. On September 11, 1997, Arnold began a sole proprietorship, called Diamond Termite & Pest Control. Thereafter, Sears filed a complaint for damages for breach of contract and a motion for temporary injunction against Arnold, Diamond and Atchey. After an evidentiary hearing, the court denied the motion for temporary injunction without comment.
Appellees' primary argument on appeal is that the agreements were unenforceable, because Arnold and Atchey signed them when employed by All America, which did not assign the contracts to Sears. Their assignment, however, was not required under the facts at bar. Sears Roebuck's acquisition of All America's stock did not affect its contractual rights and obligations. 18 C.J.S. § 283 Corporations (1990) ("The fact that there is a change in the ownership of corporate stock does not affect the corporation's existence or its contract rights, or its liabilities.") (footnotes omitted). Accordingly, the change from "All America Termite and Pest Control" to "Sears Termite and Pest Control, Inc." was merely a name change, and did not affect the employer's corporate identity. See Stewart v. Preston, 80 Fla. 473 & 479, 86 So. 348 (1920).
In contrast, in Johnston v. Dockside Fueling of North America, Inc., 658 So.2d 618 (Fla. 3d DCA 1995), the employee was no longer bound by a non-compete agreement in his employment contract with Dockside Fueling Service, because during Johnston's employment, Dockside Fueling was dissolved and transferred its assets to Dockside N.A. Accord Schweiger v. Hoch, 223 So.2d 557 (Fla. 4th DCA 1969) (after dissolution of partnership and creation of new one, accountant's continued employment did not constitute consent to assign original contract containing non-compete agreement). A 100 percent stock purchase does not involve a dissolution of the corporate entity.
Appellees' contention that the non-compete agreement was invalid because it did not include a geographical limitation is incorrect, as the courts have held that when such an agreement is otherwise valid but lacks a geographic restriction, the courts should supply a reasonable restriction. Kenco Chem. & Mfg. Co. v. Railey, 286 So.2d 272 (Fla. 1st DCA 1973); Santana Prods. Co. v. Von Korff, 573 So.2d 1027 (Fla. 2d DCA 1991).
Appellees' claim that the complaint was insufficiently pled is immaterial, in that this appeal concerns the denial of Sears' motion for temporary injunction. The claim that Sears failed to post the bond required by statute was not raised below; hence there is no evidence that Sears would have been unable to post bond in the event an injunction was entered.
*487 Appellees finally contend that the record contained no evidence that Arnold or Atchey used any of Sears' customer lists, renewal lists, referral lists or training materials, or that they received the specialized, extraordinary training necessary for Sears to claim that such training constituted a protectible business interest. Nevertheless, the record shows that Arnold contacted at least five customers who had existing pest control agreements with Sears.[1] Sears therefore had a legitimate business interest in prohibiting the direct solicitation of existing customers. Dyer v. Pioneer Concepts, Inc., 667 So.2d 961, 964 (Fla. 2d DCA 1996). See § 542.33(2)(a), Fla. Stat. (1997) ("direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined").
Appellees fail to provide any reason that would support the trial court's order.
It has been repeatedly held that upon finding that the time and space restrictions of a covenant not to compete are appropriate, and that the employer has not itself breached the agreement, the trial court has no power to do anything but enforce the terms of the covenant as written by injunction.
Florida Pest Control & Chem. Co. v. Thomas, 520 So.2d 669, 671 (Fla. 1st DCA 1988) (emphasis omitted). Accord Xerographics, Inc. v. Thomas, 537 So.2d 140 (Fla. 2d DCA 1988).
REVERSED and REMANDED for further proceedings consistent with this opinion.
LAWRENCE and PADOVANO, JJ., CONCUR.
NOTES
[1] The record shows that either Arnold or Atchey contacted Roland Benefield, Kurt Reiper, Henry Duzinsky, Thomas Clark, Jr., and Michael Michlo when they still had contracts with Sears. Duzinsky and Clark signed on with Diamond before their Sears contracts expired, Reiper and Michlo signed on after their contracts with Sears expired, and Benefield stayed with Sears.