PER CURIAM.
Appellant, CEM Enterprises, Inc. d/b/a Sunshine Painting, appeals the trial court’s summary judgment order and final judgment entered in favor of appellee, the Florida Department of Transportation. Summary judgment is appropriate only in situations where there is no genuine issue of material fact and where the moving party is entitled to a judgment as a matter of law. Strama v. Union Fid. Life Ins. Co., 793 So.2d 1129, 1132 (Fla. 1st DCA 2001) (citation omitted). “Where the terms of the written instrument are disputed and reasonably susceptible to more than one construction, an issue of fact is presented as to the parties’ intent which cannot properly be resolved by summary judgment.” Id. (quoting Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc., 513 So.2d 218, 219 (Fla. 1st DCA 1987)). Because certain provisions in the parties’ contract are disputed and are reasonably susceptible to more than one construction, an issue of fact remains in the instant case. As such, the trial court erred in entering summary judgment. See Strama, 793 So.2d at 1132 (“When ‘there is a genuine issue of material fact as to the interpretation that the parties gave the ambiguous contract provision,’ summary judgment is inappropriate.”) (quoting Hancock v. Brumer, Cohen, Logan, Kandell & Kaufman, 580 So.2d 782, 784 (Fla. 3d DCA 1991)); see also Birwelco-Montenay, Inc. v. Infilco Degremont, Inc., 827 So.2d 255, 257 (Fla. 3d DCA 2001) (holding that where each side ascribes a different meaning to what the sides claim is the unambiguous language in a contract, the contract is ambiguous and summary judgment is improper).
Accordingly, we REVERSE and REMAND for further proceedings.
BARFIELD, BROWNING and LEWIS, JJ., concur.